**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOHN BRILEY**                                                                                              **PETITIONER**

VS.                              **CASE NO.: 5:14CV00221 BSM/BD**

**RAY HOBBS, Director,
Arkansas Department of Correction**                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

1

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Background

John Briley, an Arkansas Department of Correction ("ADC") inmate, brings his amended and supplemented petition for writ of habeas corpus (docket entries #4, #9, #12) under 28 U.S.C. § 2254. On December 3, 2001, Mr. Briley began serving a 240-month sentence in the ADC for fleeing, theft by receiving, and numerous drug offenses. (#17-2) He was released on parole on June 27, 2008. (#17-2 at p. 6) Following his release, Mr. Briley absconded four times between March 28, 2011, and May 17, 2014. (*Id.*)

On May 21, 2014, Arkansas Community Correction issued a violation report detailing violations of Mr. Briley's conditions of release, and the Arkansas Parole Board ("Board") issued a warrant for his arrest. (#17-3, #17-4) On May 27, 2014, Mr. Briley received notice of the parole violation action advising him of his right to a revocation hearing and the revocation hearing process. (#17-5) On the same day, Mr. Briley waived his right to a revocation hearing, admitted violating conditions of his release, and acknowledged that his release would be revoked and that he would be placed in the ADC. (#17-6) On May 28, 2014, hearing officer Ashley Valles accepted Mr. Briley's waiver. (#17-7)

On May 28, 2014, Mr. Briley wrote a letter to the Board requesting credit for time he claims was spent "in custody." (#17-8) On June 4, 2014, the Board affirmed the revocation of Mr. Briley's parole. (#12 at p. 3, #17-7 at p. 2)

Mr. Briley filed his petition with this Court on June 3, 2014. In the amended and supplemented petition, Mr. Briley claims that Arkansas authorities lacked jurisdiction to revoke his parole because he entered into a contractual agreement with Arkansas and federal authorities terminating his parole. (#4 at pp. 6-7) Further, Mr. Briley complains that his parole revocation amounts to double jeopardy and that he is actually innocent. (#4 at p. 7)

Director Hobbs has responded to the petition, arguing that Mr. Briley's claims are procedurally defaulted. For the reasons set forth below, the Court recommends that Mr. Briley's petition be dismissed, without prejudice, for failure to exhaust his state court remedies.

### III. Discussion

  A.   Procedural Default

In his Response, Director Hobbs contends that Mr. Briley's claims were procedurally defaulted because he did not exhaust available state court remedies. Specifically, Director Hobbs argues that Mr. Briley should have exhausted his claims by bringing a state court action under Arkansas's Administrative Procedure Act.

The federal statute concerning habeas corpus jurisdiction requires that a district court dismiss a state prisoner's federal habeas petition "if the prisoner has not exhausted

available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991) (interpreting 28 U.S.C. § 2254). Grounded in comity and federalism, "the exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982)). A "habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Id.* at 732; *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007).

    Inmates, such as Mr. Briley, can seek state judicial review of constitutional questions under Arkansas's Administrative Procedure Act. *Id.*; see also *Brown v. Maxwell*, No. 00-753, 2001 WL 1558570, at *1 (2001) ("[i]n *Clinton v. Bonds*, we granted inmates the right to pursue judicial review of constitutional questions after an administrative adjudication"); *Orisini v. Beck*, No. 98-1013, 2000 WL 92332, at *1 (2000). So, Mr. Briley could have filed a claim raising his constitutional claims under the Administrative Procedures Act in the circuit court within thirty days after he was served the Board's decision affirming the revocation of his parole. See ARK. CODE ANN. § 25-15-212(b)(1). The time has now passed for Mr. Briley to file such an action, and there are no other non-futile state court remedies available. Consequently, Mr. Briley's petition should be dismissed. See *Pryor-Kendrick v. Norris,* No. 5:08cv00105, 2008 WL 4756190, at *4 (E.D. Ark. 2008) (petitioner's claims regarding ADC disciplinary

proceeding must be dismissed for failure to exhaust state court remedies because she could have brought a suit under the Arkansas Administrative Procedure Act as construed by *Clinton* Court).

B.      Cause and Prejudice or Miscarriage of Justice

The doctrine barring procedurally defaulted claims is not without exception. *Martinez v. Ryan*, 566 U.S. __, __, 132 S. Ct. 1309, 1315 (2012).  A prisoner may obtain review of a defaulted claim by showing cause for the default and prejudice.  *Coleman*, 501 U.S. at 750.  If no cause has been shown, the prejudice element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).  Cause is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).

In his objection to the response, Mr. Briley argues that a lack of legal resources at the England City Jail was the cause of his default, because he was not able to research his available state law remedies.  (#18 at p. 2)  While limited library access could conceivably constitute cause to excuse procedural default, the fact is that Mr. Briley was transferred to the Ouachita River Correctional Unit of the ADC on June 13, 2014. *Lamp v. State of Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997).  On June 4, 2014, the Board affirmed the revocation of Mr. Briley's parole.  He had thirty days after being served the Board's decision to raise a claim under the Administrative Procedures Act in the circuit court.  Consequently, at the time he was transferred, Mr. Briley still had at least 21 days

in which to research his state law remedies and file a claim under the state's Administrative Procedures Act. Moreover, legal resources at the England City Jail were sufficient for Mr. Briley to file his petition with this Court on June 3, 2014.

Mr. Briley has not sufficiently alleged that an external factor prevented him from raising an Arkansas Administrative Procedure Act claim. Because he has not established cause for defaulting his available state court remedies, the Court will not address prejudice.

C.     Miscarraige of Justice

Even absent a showing of cause and prejudice, habeas corpus petitioners can overcome procedural default by demonstrating that a court's refusal to hear the petition would result in a miscarriage of justice. To establish a miscarriage of justice, however, Mr. Briley would have to show that, based on new evidence, a constitutional violation caused the conviction of someone who is actually innocent.[1] *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, as opposed to legal innocence. *Id*.

---

[1] In his supplement to his petition (#9), Mr. Briley claims there was insufficient evidence to convict him of the underlying drug offense which is the basis for his sentence. He argues that the substance that he was charged with possessing was not an illegal drug. Mr. Briley appears to have raised the same claim in a prior habeas petition. See *Briley v. Norris*, Case No. 5:04cv00446-HDY, docket entry #22, pp. 7-8. The claim was rejected because Mr. Briley had pleaded guilty to the charges and had not presented new reliable evidence of innocence. Even if the claim had not been raised in a prior habeas petition, it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2244(d)(1).

Here, Mr. Briley claims that he is actually innocent, but he admitted that he violated the terms and conditions of his parole. (#17-6) Accordingly, he cannot demonstrate actual innocence of parole violations so as to excuse his procedural default.

D.   Violations of Policy

In his objection to the response, Mr. Briley complains that the Board violated its policy manual in handling his parole and revocation. (#23 at pp. 2-4) The Court has no jurisdiction to consider the Board's alleged policy violations. A federal court can issue a writ of habeas corpus only for a violation of the United States Constitution, federal law, or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a). There is no federal constitutional interest in having state officers follow state law or Board policies. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Therefore, Mr. Briley's claims that the Board violated its policies in handling his parole and revocation are not grounds that can be considered in a federal habeas petition.

IV.   **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability in this case only if Mr. Briley has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Briley has provided no basis for issuing a certificate of appealability.

V.   **Conclusion**

The Court recommends that John Briley's petition for writ of habeas corpus (#2) and amended petition for writ of habeas corpus (#4) as supplemented (#9 and #12) be DISMISSED because the claims raised in the petition are procedurally defaulted, and he has not demonstrated either cause or prejudice or actual innocence to excuse the default. The Court further recommends that no certificate of appealability be issued.

DATED this 13th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE